JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Andrea Leelike

**DEFENDANTS**

Brandon Bardowsky, Aja Bardowsky, Ebony Griggs, Lyft

**(b)** County of Residence of First Listed Plaintiff   Dallas County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Seminole County, FL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Robert Braker, Esq. - Saltz Mongeluzzi & Bendesky,
1650 Market St., Phila., PA 19103, (215) 496-8282

Attorneys *(If Known)*

Allison Perry, Esq.; Andrew Benedict, Esq. and Nicholas
Goldwyn, Esq.; Daniel Brown, Esq.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Personal injury action arising out of motor vehicle accident.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD
/s/ Allison Perry

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Andrea Leelike, 4121 McKinney Ave., Unit 24, Dallas, TX 75204

Address of Defendant: Lyft, Inc., 185 Berry Street, Suite 5000, San Francisco, CA 94107

Place of Accident, Incident or Transaction: 16th and Market Streets, Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    Allison Perry _____    306568 _____

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREA LEELIKE | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| BRANDON BARDOWSKY, AJA | : | |
| BARDOWSKY, EBONY GRISS, | : | |
| LYFT, INC. AND JOHN DOE 1-4 | : | |

**DISCLOSURE STATEMENT FORM**
**OF DEFENDANT LYFT, INC.**

Lyft, Inc. ("Lyft") is a publicly held corporation traded on the Nasdaq Global Select Market with no parent corporation. Based on Lyft's knowledge from publicly available U.S. Securities and Exchange Commission filings, no publicly held corporation or entity owns 10% or more of Lyft's outstanding common stock.

Respectfully submitted,

Date:                                    s/*Allison Perry*

_____

Allison L. Perry, Esquire (PA ID No.: 306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-925-2289
Attorneys for Defendant,
Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Andrea Leelike                                   :               CIVIL ACTION
                                                 :
                              v.                 :
Brandon Bardowsky, et al.                        :
                                                 :               NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (×)

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

|                          | Allison L. Perry          | Lyft, Inc.               |
| ------------------------ | ------------------------- | ------------------------ |
| **Date**                 | **Attorney-at-law**       | **Attorney for**         |
| (215) 925-2289           | (888) 811-7144            | aperry@dmclaw.com        |
| **Telephone**            | **FAX Number**            | **E-Mail Address**       |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREA LEELIKE | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| BRANDON BARDOWSKY, AJA | : | |
| BARDOWSKY, EBONY GRISS, | : | |
| LYFT, INC. AND JOHN DOE 1-4 | : | |

### NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Lyft, Inc. ("Lyft") by and through its attorneys, Dickie, McCamey & Chilcote,

P.C., hereby files this Notice of Removal of the above-captioned matter from the Court of Common

Pleas of Philadelphia County, the jurisdiction which is now pending, to the United States District

Court for the Eastern District of Pennsylvania, and in support thereof avers as follows:

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

    **A.    Allegations in Plaintiff's Complaint.**

    1.    This action was commenced with the filing of a Complaint in the Court of Common

Pleas of Philadelphia County, Pennsylvania at July Term, 2022, No. 364.  A copy of Plaintiff's

Complaint is attached as Exhibit A.

    2.    Plaintiff Andrea Leelike ("Plaintiff") is asserting a claim for personal injury and

damages arising out of an alleged motor vehicle accident on August 14, 2020 in the City and

County of Philadelphia.  On the aforesaid date, Plaintiff was a passenger in a vehicle operated by

Defendant Ebony Griggs (improperly named as Ebony Griss) ("Defendant Griggs"), which was

struck by a vehicle owned and/or operated by Defendant Brandon Bardowsky ("Defendant B. Bardowsky") and/or Aja Bardowsky ("Defendant A. Bardowsky"). Id. at ¶¶ 7-9.

3.      At the time this action was commenced and continuing to the present, Lyft is a Delaware corporation with its principal place of business at 185 Berry Street, Suite 5000, San Francisco, California 94107.

4.      Upon information and belief, at the time this action was commenced and continuing to the present, Plaintiff is an adult individual residing at 4121 McKinney Avenue, Unit 24, Dallas, Texas 75204, who is a citizen and domiciliary of Texas. Id. at ¶ 1 and Civil Cover Sheet.

5.      It is alleged in the Complaint that Defendant B. Bardowsky is an adult individual and citizen of New Jersey, residing at 24 S. Summit Avenue, Pitman, New Jersey 08071. Id. at ¶ 2.

6.      It is alleged in the Complaint that Defendant A. Bardowsky is an adult individual and citizen of New Jersey, residing at 128 E. Crossing Drive, Mount Royal, New Jersey 08061. Id. at ¶ 3.

7.      Although it is alleged in the Complaint that Defendant Griggs is an adult individual and citizen of Pennsylvania, residing at 1422 W. Rockland Street, Apartment B4, Philadelphia, Pennsylvania 19141 (Id. at ¶ 4), Defendant Griggs confirmed in her Answer, filed on September 12, 2022, that she resides in New Jersey (see infra, Section I.B, ¶ 12).

8.      Plaintiff alleges that, as a result of the subject accident, she sustained disc bulging at C4-5, C5-6 and C6-7, a left shoulder sprain/strain, aggravation of cervical degenerative disc disease, a lumbar sprain/strain and headaches. Id. at ¶ 14.

9.      Plaintiff claims that she has incurred medical expenses and may incur additional unspecified medical expenses in the future. Id. at ¶ 15.

10. Plaintiff alleges that she "has sustained and makes claim for pain and suffering, loss of physical function, permanent physical, mental and psychological injuries, humiliation and embarrassment, loss of life's pleasures, loss of past wages and future earning capacity and any and all other damages to which she is entitled or may be entitled under the laws of the Commonwealth of Pennsylvania." Id. at ¶ 16.

**B.     Subsequent Pleadings and Other Papers.**

11. Lyft was served with the Complaint on July 15, 2022.

12. On or about September 12, 2022, Defendant Griggs filed her Answer with New Matter and Cross Claim to Plaintiff's Complaint, asserting that she resides at 1400 Lincoln Drive, Voorhees, New Jersey 08043.

13. On or about September 27, 2022, Defendants B. and A. Bardowsky filed their Answer with New Matter and Cross Claim to Plaintiff's Complaint, asserting that Defendant B. Bardowsky resides at 211 Green Lake Circle, Longwood, Florida 32779.

14. On or about October 12, 2022, Plaintiff conveyed a settlement demand of $100,000 in her case management conference memorandum in state court. This was the first time that Plaintiff offered with any specificity an amount in controversy.

## II.     REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

15. Pursuant to 28 U.S.C. § 1332(a)(1), the district court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

16. "For removal based on diversity of citizenship, federal jurisdiction requires complete diversity between the parties – every plaintiff must be of diverse state citizenship from

every defendant." <u>Stewart v. Ethicon, Inc.</u>, <u>2020 U.S. Dist. LEXIS 50271, at *10</u> (E.D. Pa. March 19, 2020) (citing <u>28 U.S.C. § 1332(a))</u>.

17.     While the general rule is that the existence of diversity of citizenship is assessed by evaluating the state of things at the time of the action brought, it "can also arise while a case is pending: 'In a case not originally removable, a defendant who receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdictional requirements … may remove the case to federal court within 30 days of receiving such information." <u>Stewart</u>, <u>2020 U.S. Dist. LEXIS 50271, at *11</u> (citing <u>Caterpillar Inc. v. Lewis</u>, <u>519 U.S. 61, 69</u> (1996)).

18.     Here, the case was not "originally removable" as pled, as Defendant Griggs was alleged to be a citizen of Pennsylvania and, given the nature of the injuries alleged, it was not evident that the amount-in-controversy would exceed $75,000.

19.     Since original process was served, Lyft has received both pleadings and other papers indicating the post-commencement satisfaction of diversity jurisdiction:

- On September 12, 2022, Defendant Griggs filed her Answer, alleging that she is a citizen of New Jersey and not Pennsylvania; and

- On October 12, 2022, Plaintiff conveyed a settlement demand of $100,000 – which was the first indication with any specificity of the amount in controversy.

20.     Therefore, it is now apparent that the parties are completely diverse. Plaintiff is a citizen and domiciliary of Texas, and all four defendants – Defendant B. Bardowsky (a citizen and domiciliary of Florida), Defendant A. Bardowsky (a citizen and domiciliary of New Jersey), Defendant Griggs (a citizen and domiciliary of New Jersey) and Lyft (a citizen of Delaware and California) – are citizens of different states.

21.     Further, pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), due to the nature of the injuries and damages alleged in Plaintiff's Complaint and the $100,000 settlement demand conveyed on October 12, 2022, the amount in controversy exceeds the jurisdictional $75,000 threshold under 28 U.S.C. § 1332(a).

22.     Based on the foregoing, the present lawsuit is now removable, as of October 12, 2022, from the state court to the District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a).  See Rosenfield v. Forest City Enterprises, L.P., 300 F. Supp. 3d 674, 680 (E.D. Pa. 2018) (case management conference memorandum containing settlement demand constituted "other paper" triggering 30-day removal period).

23.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the judicial district, namely that the alleged incidents occurred in the City and County of Philadelphia.

24.     Copies of all process, pleadings and orders that have been received by Lyft are filed herewith and attached collectively hereto as Exhibit B.

25.     This Notice is timely, being filed within thirty (30) days of receiving the "other paper" on October 12, 2022 conveying a settlement demand in excess of $75,000.

26.     Counsel for Defendants Griggs, B. Bardowsky and A. Bardowsky consent to this request.

WHEREFORE, Defendant, Lyft, Inc. respectfully requests the above-captioned matter now pending against it in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Date:                               *s/ Allison Perry*

                                 Allison L. Perry, Esquire (PA ID No.: 306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREA LEELIKE | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| BRANDON BARDOWSKY, AJA | : | |
| BARDOWSKY, EBONY GRISS, | : | |
| LYFT, INC. AND JOHN DOE 1-4 | : | |

## <u>**AFFIDAVIT**</u>

Allison L. Perry, Esquire, being sworn according to law deposes and says that she is the

counsel for Defendant, Lyft, Inc. in the within matter; and that she has read the foregoing Notice

of Removal and believes it to be true and correct, to the best of her knowledge, information and

belief.


Respectfully submitted,

Date:                              *s/ Allison Perry*
_____
Allison L. Perry, Esquire (PA ID No.:  306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREA LEELIKE | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| BRANDON BARDOWSKY, AJA | : | |
| BARDOWSKY, EBONY GRISS, | : | |
| LYFT, INC. AND JOHN DOE 1-4 | : | |

## PROOF OF FILING

I, Allison L. Perry, Esquire, hereby certifies that a copy of the foregoing Notice for

Removal has been filed via electronic filing with the Prothonotary of the Court of Common Pleas

of Philadelphia County on _____.

Respectfully submitted,

Date:

*s/ Allison Perry*

Allison L. Perry, Esquire (PA ID No.: 306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-925-2289
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREA LEELIKE | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| BRANDON BARDOWSKY, AJA | : | |
| BARDOWSKY, EBONY GRISS, | : | |
| LYFT, INC. AND JOHN DOE 1-4 | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Allison L. Perry, Esquire, hereby certify that a copy of the attached has been served

upon the following individual by first class, United States mail, postage pre-paid this 25th day of

October, 2022.

Robert N. Braker, Esq.
*Saltz Mongeluzzi & Bendesky, PC*
1650 Market Street, 52nd floor
Philadelphia, PA 19103

Andrew R. Benedict, Esq.
*BBC Law, LLP*
2005 Market Street, Suite 1940
Philadelphia, PA 19103

Daniel M. Brown, Esq.
*William J. Ferren & Assoc.*
PO Box 2903
Hartford, CT 06104

Respectfully submitted,

Date:

*s/ Allison Perry*

_____

Allison L. Perry, Esquire (PA ID No.: 306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-925-2289
Attorneys for Defendant, Lyft, Inc.

# EXHIBIT "A"



# SALTZ MONGELUZZI & BENDESKY PC

### TRIAL LAWYERS

DELAWARE COUNTY OFFICE
20 WEST THIRD STREET
P.O. BOX 1670
MEDIA, PA 19063
VOICE 610.627.9777
FAX 610.627.9787

ONE LIBERTY PLACE, 52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
VOICE 215.496.8282
FAX 215.496.0999

NEW JERSEY OFFICE
8000 SAGEMORE DRIVE
SUITE 8303
MARLTON, NJ 08053
VOICE 856.751.8383
FAX 856.751.0868

ROBERT N. BRAKER
DIRECT DIAL (215) 575-2985
RBRAKER@SMBB.COM

MICHAEL A. PILEGGI
DIRECT DIAL (215) 575-3880
MPILEGGI@SMBB.COM

MONTGOMERY COUNTY OFFICE
120 GIBRALTAR RD
SUITE 218
HORSHAM, PA 19044
VOICE 215.496.8282
FAX 215.754.4443

July 8, 2022

**VIA CERTIFIED & REGULAR MAIL**
**RETURN RECEIPT REQUESTED**
**# 7020 3160 0001 8378 3092**

Lyft, Inc.
185 Berry Street, Suite 5000
San Francisco, CA 94107

>        *Re:      Andrea Leelike v. Brandon Bardowsky, et al.*

Dear Sir or Madam:

        We are hereby serving you with a Civil Action Complaint filed against you in the Court of Common Pleas of Philadelphia County.

>                Very truly yours,

>                SALTZ MONGELUZZI & BENDESKY P.C.

>                BY:     */s/ Michael A. Pileggi*
>                           ROBERT N. BRAKER, ESQUIRE
>                           MICHAEL A. PILEGGI, ESQUIRE

RNB/MAP/kg
Enclosure

RECEIVED
JUL 18 2022
By: .........................

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**JULY 2022**

E-Filing Number: 2207008851

**000364**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANDREA LEELIKE | BRANDON BARDOWSKY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 4121 MCKINNEY AVENUE UNIT 24<br>DALLAS TX 75204 | 24 S. SUMMIT AVENUE<br>PITMAN NJ 08071 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | AJA BARDOWSKY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 128 E CROSSING DR<br>MOUNT ROYAL NJ 08061 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | EBONY GRISS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1422 W. ROCKLAND STREET APARTMENT B4<br>PHILADELPHIA PA 19141 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 5 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2V – MOTOR VEHICLE ACCIDENT |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>JUL **06** 2022<br><br>**A. STAMATO** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>   YES      NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANDREA LEELIKE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL A. PILEGGI | 1650 MARKET STREET<br>52ND FLOOR<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)496-8282 | (215)496-0999 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 320569 | mpileggi@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MICHAEL PILEGGI | Wednesday, July 06, 2022, 04:10 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. BRANDON BARDOWSKY
    24 S. SUMMIT AVENUE
    PITMAN NJ 08071
2. AJA BARDOWSKY
    128 E CROSSING DR
    MOUNT ROYAL NJ 08061
3. EBONY GRISS
    1422 W. ROCKLAND STREET APARTMENT B4
    PHILADELPHIA PA 19141
4. LYFT, INC.
    185 BERRY STREET SUITE 5000
    SAN FRANCISCO CA 94107
5. JOHN DOE (1-4)
    N/A
    N/A PA N/A

THIS IS NOT AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES HEARING IS
REQUIRED.

Filed and Attested by the
Office of Judicial Records
06 JUL 2022 04:10 pm
A. STAMATO

**SALTZ MONGELUZZI & BENDESKY P.C.**
BY: ROBERT N. BRAKER/MICHAEL A. PILEGGI
IDENTIFICATION NOS. 62583/320569
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
P: (215) 496-8282 / F: (215) 496-0999

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| **ANDREA LEELIKE**<br>4121 McKinney Avenue<br>Unit 24<br>Dallas, TX 75204<br><div align="right">*Plaintiff,*</div><br><br>v.<br><br>**BRANDON BARDOWSKY**<br>24 S. Summit Avenue<br>Pitman, NJ 08071<br><br>AND<br><br>**AJA BARDOWSKY**<br>128 E Crossing Dr<br>Mount Royal, NJ 08061<br><br>AND<br><br>**EBONY GRISS**<br>1422 W. Rockland Street, Apartment B4<br>Philadelphia, PA 19141<br><br>AND<br><br>**LYFT, INC.**<br>185 Berry Street<br>Suite 5000<br>San Francisco, CA 94107<br><br>AND<br><br>**JOHN DOE (1-4)**<br><div align="right">*Defendants.*</div> | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**CIVIL DIVISION**<br><br><br>**TERM 2022**<br>No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

# NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br><br>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>PHILADELPHIA BAR ASSOCIATION<br><br>LAWYER REFERRAL and INFORMATION SERVICE<br><br>One Reading Center<br><br>Philadelphia, Pennsylvania 19107<br><br>(215) 238-1701 | Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y también para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.<br><br>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>ASSOCIACION DE LICENCIADOS DE FILADELFIA<br><br>SERVICO DE REFERENCA E INFORMACION LEGAL<br><br>One Reading Center<br><br>Filadelfia, Pennsylvania 19107<br><br>Telefono: (215) 238-1701 |

# COMPLAINT

Plaintiff, Andrea Leelike, claims of Defendants, Brandon Bardowsky, Aja Bardowsky, Ebony Griss, Lyft, Inc., and John Doe (1-2), jointly and severally, separate sums in excess of $50,000.00 in damages, upon causes of action, wherein the following are true:

1.    Plaintiff, Andrea Leelike, is an adult individual, citizen of Texas, who resides at 4121 McKinney Avenue, Unit 24, Dallas, TX 75204.

2.    Defendant, Brandon Bardowsky, is an adult individual, citizen of New Jersey, who resides at 24 S. Summit Avenue, Pitman, NJ 08071.

3.     Defendant, Aja Bardowsky is an adult individual, citizen of New Jersey, who resides at 128 E Crossing Dr., Mount Royal, NJ 08061.

4.     Defendant, Ebony Griss is an adult individual, citizen of Philadelphia, who resides at 1422 W. Rockland Street, Apartment B4, Philadelphia, PA 19141.

5.     Defendant, Lyft, Inc., is a business entity, organized and existing under the laws of the State of California, which, at all times relevant hereto, engaged in regular, systematic, continuous and substantial business within Philadelphia County, with its principal place of business located at 185 Berry Street, Suite 5000, San Francisco, CA 94107.

6.     Defendant, John Doe (1-4), is an unknown individual/individuals/estate and/or duly appointed Administrator(s) of the Defendant drivers, should said Defendant(s) be deceased, who were operating and/or in control of Defendants' vehicles and/or Defendants' employers at the time of the accident and/or responsible for Defendants' vehicles at the time of the accident referenced, who Plaintiff could not identify despite a reasonable search.

7.     On August 14, 2020, at approximately 12:30 a.m.., Defendants, Brandon Bardowsky, Aja Bardowsky and John Doe (1-2), owned, managed, maintained, possessed and controlled a certain motor vehicle, namely a 2017 Chevrolet Silverado, bearing NJ license plate R68HZV, which aforesaid vehicle violently collided with the Lyft vehicle in which Plaintiff, Andrea Leelike, was a lawful and proper passenger, at or near the intersection of North 16th Street and Market Street, in Philadelphia, PA.

8.     At that same time and place, Defendants, Ebony Griss, Lyft, Inc., and John Doe (3-4), owned, managed, maintained, possessed and controlled a certain motor vehicle, namely a 2007 Volkswagen Passat, which motor vehicle was traveling Eastbound on Market Street, at or near its intersection with North 16th Street, in Philadelphia, PA.

Case ID: 2207003

9. At the aforesaid time and place, Plaintiff, Andrea Leelike, was lawfully and properly a passenger in Defendants, Ebony Griss, Lyft, Inc., and John Doe (3-4)'s Lyft vehicle.

10. At the aforesaid time and place, Defendants, Brandon Bardowsky, Aja Bardowsky, and John Doe (1-2), sped through a steady red traffic light posted on North 16th street, causing a violent T-bone collision with the Lyft vehicle that was proceeding Eastbound through the intersection on Market Street, and causing Plaintiff, Andrea Leelike to suffer those serious and permanent injuries, more fully set forth hereinafter.

11. At the aforesaid time and place, Defendants, Ebony Griss, Lyft, Inc., and John Doe (3-4), carelessly and negligently operated their vehicle by traveling at an excessive rate of speed and/or through a posted steady red traffic light, in an erratic manner so as to be unable to avoid violently colliding with Defendants, Brandon Bardowsky, Aja Bardowsky, and John Doe (1-2)'s motor vehicle at the aforesaid intersection, and causing Plaintiff, Andrea Leelike, to suffer those serious and permanent injuries more fully set forth hereinafter.

## COUNT I
## ANDREA LEELIKE v. BRANDON BARDOWSKY, AJA BARDOWSKY AND JOHN DOE (1-2)
## NEGLIGENCE

12. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

13. Defendants, Brandon Bardowsky, Aja Bardowsky, and John Doe (1-2), were careless and negligent in:

    a. Operating their vehicle at an excessive rate of speed under the circumstances;

    b. Failing to stop at a posted, steady red traffic light;

    c. Failing to stop their vehicle prior to striking Plaintiff's vehicle;

Case ID: 220700306

d. Failing to maintain proper and safe control of their motor vehicle;

e. Causing and allowing their vehicle to violently t-bone the vehicle in which Plaintiff was a lawful and proper passenger;

f. Failing to avoid crashing into the vehicle which Plaintiff was a lawful and proper passenger;

g. Failing to keep proper and safe lookout for traffic and road conditions while operating their vehicle;

h. Failing to give sound and/or signal warning prior to striking the vehicle in which Plaintiff was a lawful and proper passenger;

i. Failing to observe traffic and vehicular conditions then and there existing;

j. Operating their motor vehicle in violation of the Pennsylvania Motor Vehicle Code, Title 75; and

k. Driving while distracted.

14. By reason of the carelessness and negligence of Defendants, Brandon Bardowsky, Aja Bardowsky, and John Doe (1-2), as aforesaid, Plaintiff, Andrea Leelike, was caused to sustain serious and permanent personal injuries: she sustained disc bulging at C4-5, C5-6 and C6-7; she sustained a sprain/strain of her left shoulder; she has sustained an aggravation of degenerative disc disease in her cervical spine; she has sustained a sprain/strain to her lumbar spine; she has suffered from severe headaches; she has suffered from severe pain in her lower back and neck; she has been required to undergo physical therapy; she has sustained further injury to the bones, muscles, nerves and ligaments of her body, the full extent of which have yet to be determined; she has sustained other orthopedic, neurologic and psychological injuries, the full extent of which has yet to be determined; she has in the past been required and may in the future continue to be required to submit to x-rays, MRIs, and other diagnostic studies; she has in the past suffered and may in the future continue to suffer serious aches, pains, and mental anguish; she has in the past and may in

the future continue to endure pain and suffering; she has incurred significant past medical bills and will likely incur future medical bills; she has in the past and may in the future continue to be disabled from performing her usual duties, occupations and avocations, all to her great loss and detriment; she has suffered a significant loss of life's pleasures; she has suffered from severe embarrassment and humiliation.

15. By the reason of the carelessness and negligence of Defendants, Brandon Bardowsky, Aja Bardowsky, and John Doe (1-2), Plaintiff, Andrea Leelike, has incurred various expenses, including medical expenses and bills, Plaintiff may be obligated to continue to expend monies and incur further obligations for her medical care and treatment, for an indefinite period of time in the future.

16. Plaintiff, Andrea Leelike, has sustained and makes claim for pain and suffering, loss of physical function, permanent physical, mental and psychological injuries, humiliation and embarrassment, loss of life's pleasures, loss of past wages and future earning capacity and any and all other damages to which she is entitled or may be entitled under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Andrea Leelike, claims of Defendants, Brandon Bardowsky, Aja Bardowsky, and John Doe (1-2), jointly and severally, separate sums in excess of $50,000.00 in damages and brings this action to recover same.

## COUNT II
## ANDREA LEELIKE v. EBONY GRISS, LYFT, INC. AND JOHN DOE (3-4)
## NEGLIGENCE

17. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

18.   Defendants, Ebony Griss, Lyft, Inc., and John Doe (3-4), were careless and

negligent in:

     a.   Operating their vehicle at an excessive rate of speed under the circumstances;

     b.   Failing to stop at a posted, steady red traffic light;

     c.   Failing to stop their vehicle prior to striking another motor vehicle;

     d.   Failing to maintain proper and safe control of their motor vehicle;

     e.   Causing and allowing their vehicle to violently collide with another motor vehicle while transporting Plaintiff;

     f.   Failing to avoid crashing into another motor vehicle while Plaintiff was a lawful and proper passenger in their motor vehicle;

     g.   Failing to keep proper and safe lookout for traffic and road conditions while operating their vehicle;

     h.   Failing to give sound and/or signal warning prior to striking another motor;

     i.   Failing to observe traffic and vehicular conditions then and there existing;

     j.   Operating their motor vehicle in violation of the Pennsylvania Motor Vehicle Code, Title 75;

     k.   Driving while distracted; and

     l.   Failing to have proper policies and procedures in place to keep their Lyft passengers, including Plaintiff, from imminent and severe harm;

     m.   Failing to operate their motor vehicle with the skill required to keep their Lyft passengers, including Plaintiff, from suffering imminent and severe harm.

19.   By reason of the carelessness and negligence of Defendants, Ebony Griss, Lyft,

Inc., and John Doe (3-4), as aforesaid, Plaintiff, Andrea Leelike, was caused to sustain serious and

permanent personal injuries: she sustained disc bulging at C4-5, C5-6 and C6-7; she has sustained

a sprain/strain of her left shoulder; she has sustained an aggravation of degenerative disc disease

in her cervical spine; she has sustained a sprain/strain to her lumbar spine; she has suffered from

severe headaches; she has suffered from severe pain in her lower back and neck; she has been required to undergo physical therapy; she has sustained further injury to the bones, muscles, nerves and ligaments of her body, the full extent of which have yet to be determined; she has sustained other orthopedic, neurologic and psychological injuries, the full extent of which has yet to be determined; she has in the past been required and may in the future continue to be required to submit to x-rays, MRIs, and other diagnostic studies; she has in the past suffered and may in the future continue to suffer serious aches, pains, and mental anguish; she has in the past and may in the future continue to endure pain and suffering; she has incurred significant past medical bills and will likely incur future medical bills; she has in the past and may in the future continue to be disabled from performing her usual duties, occupations and avocations, all to her great loss and detriment; she has suffered a significant loss of life's pleasures; she has suffered from severe embarrassment and humiliation.

20.     By the reason of the carelessness and negligence of Defendants, Ebony Griss, Lyft, Inc., and John Doe (3-4), Plaintiff, Andrea Leelike, has incurred various expenses, including medical expenses and bills, Plaintiff may be obligated to continue to expend monies and incur further obligations for her medical care and treatment, for an indefinite period of time in the future.

21.     Plaintiff, Andrea Leelike, has sustained and makes claim for pain and suffering, loss of physical function, permanent physical, mental and psychological injuries, humiliation and embarrassment, loss of life's pleasures, loss of past wages and future earning capacity and any and all other damages to which she is entitled or may be entitled under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Andrea Leelike, claims of Defendants, Ebony Griss, Lyft, Inc., and John Doe (3-4), jointly and severally, separate sums in excess of $50,000.00 in damages and brings this action to recover same.

SALTZ MONGELUZZI & BENDESKY P.C.

By: _____

**ROBERT N. BRAKER, ESQUIRE**
**MICHAEL A. PILEGGI, ESQUIRE**
Attorneys for Plaintiff

## VERIFICATION

I, Andrea Leelike, have read the contents of the Complaint. I verify that the contents are true and correct to the best of my knowledge, information and belief. I understand that this verification is made pursuant to 42 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

Date: __07/01/2022__

ANDREA LEELIKE



US POSTAGE

quadient

FIRST-CLASS MAIL
IMI
$008.30
07/11/2022 ZIP 19103
043M31222367

LYFT

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7020 3160 0001 8378 3092

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Lyft, Inc.
185 Berry Street, Suite 5000
San Francisco, CA 94107

9414 7073 2503 0001



RECEIVED

JUL 18 2022

By: _____

**S A L T Z
M O N G E L U Z Z I
& B E N D E S K Y** PC
T R I A L   L A W Y E R S

ONE LIBERTY PLACE
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103




# EXHIBIT "B"

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Allison L. Perry, Esquire
Identification No. 306568
Attorney(s) for Defendant, Lyft, Inc.



Filed and Attested by the
Office of Judicial Records
31 AUG 2022 09:45 am
S. GILLIAM

_____

| | | |
|---|---|---|
| ANDREA LEELIKE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| VS. | : | |
| | : | JULY TERM, 2022 |
| BRANDON BARDOWSKY, AJA | : | |
| BARDOWSKY, EBONY GRISS, | : | |
| LYFT, INC. AND JOHN DOE 1-4 | : | NO: 364 |

_____

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

     Kindly enter my appearance as counsel for the defendant, Lyft, Inc., in the above

captioned matter.

                                 DICKIE, McCAMEY & CHILCOTE, P.C.

                                   *Allison Perry*

BY:   _____

                            ALLISON L. PERRY, ESQUIRE
                            Attorney(s) for Defendant,
                            Lyft, Inc.

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Allison L. Perry, Esquire
Identification No. 306568
Attorney(s) for Defendant, Lyft, Inc.
_____

| | | |
|---|---|---|
| ANDREA LEELIKE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| VS. | : | |
| | : | JULY TERM, 2022 |
| BRANDON BARDOWSKY, AJA | : | |
| BARDOWSKY, EBONY GRISS, | : | |
| LYFT, INC. AND JOHN DOE 1-4 | : | NO: 364 |

_____

### DEMAND FOR JURY TRIAL

TO THE PROTHONOTARY:

 Defendant, Lyft, Inc., above named hereby demands a jury trial in the above

captioned matter. Said jury to consist of 12 jurors.

     DICKIE, McCAMEY & CHILCOTE, P.C.

     *Allison Perry*

BY:  _____
     ALLISON L. PERRY, ESQUIRE
     Attorney(s) for Defendant,
     Lyft, Inc.

TO THE PLAINTIFF AND CO-DEFENDANTS;
Please be advised that you are required to respond to
the New Matter and Cross Claim within twenty (20) days or
judgment may be entered against you.

*/s/ Andrew R. Benedict*
_____
**Andrew R. Benedict, Esquire**

*Filed and Attested by the
Office of Judicial Records
13 SEP 2022 04:07 pm
G. IMPERATO*

**BBC LAW, LLP**
By:  Andrew R. Benedict, Esquire
Attorney ID 87939
By: Nicholas J. Goldwyn, Esquire
Attorney ID 307051
2005 Market Street, Suite 1940
Philadelphia, PA  19103
215-977-4133

Attorneys for Defendant,
Ebony Griggs (incorrectly identified as
Ebony Griss)

| | | |
|---|---|---|
| ANDREA LEELIKE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | No.: 220700364 |
| BRANDON BARDOWSKY; AJA | : | |
| BARDOWSKY; EBONY GRIGGS and LYFT, | : | |
| INC. | : | |

### ANSWER OF DEFENDANT, EBONY GRIGGS (INCORRECTLY IDENTIFIED AS "EBONY GRISS") TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND CROSS CLAIM

Defendant, Ebony Griggs ("Answering Defendant", incorrectly identified as "Ebony Griss") by and through her attorneys, BBC Law, LLP, hereby Answer the Complaint of Plaintiff Andrea Leelike in accordance with the numbered paragraphs therein and asserts Answering Defendant's Answer to the Complaint with New Matter and Cross Claims as follows:

### PARTIES

1.      Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore, demands strict proof thereof at trial.

2.      Denied.  This averment is not directed to Answering Defendant and therefore no answer is made.  To the extent that such a pleading is required, Answering Defendant denies this averment.

3.      Denied.  This averment is not directed to Answering Defendant and therefore no answer is made.  To the extent that such a pleading is required, Answering Defendant denies this averment.

4.      Denied.  Answering Defendant, Ebony Griggs (incorrectly identified as "Ebony Griss") is an adult individual living at 1400 Lincoln Drive, Voorhees, NJ 08043.

5.      Denied.  This averment is not directed to Answering Defendant and therefore no answer is made.  To the extent that such a pleading is required, Answering Defendant denies this averment.

6.      Denied.  This averment is not directed to Answering Defendant and therefore no answer is made.  To the extent that such a pleading is required, Answering Defendant denies this averment.

7.      Admitted in part, denied as stated.  This averment states a conclusion of law to which a responsive pleading is not required.  To the extent that such a pleading is required, Answering Defendant denies this averment.  By way of further answer, it is admitted Answering Defendant, Ebony Griggs, was operating her vehicle as an independent contractor using the Lyft app at or about the date and time identified in this averment.  Upon information and belief, Plaintiff was a passenger in Answering Defendant's vehicle.  In addition, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore demands strict proof thereof at trial.

8.      Admitted in part, denied as stated.  This averment states a conclusion of law to which a responsive pleading is not required.  To the extent that such a pleading is required, Answering Defendant denies this averment.  By way of further answer, it is admitted Answering Defendant, Ebony Griggs, was operating her vehicle as an independent contractor using the Lyft app at or about the date and time identified in this averment.  Upon information and belief, Plaintiff was a passenger in Answering Defendant's vehicle.  Further, Answering Defendant was the owner and operator of a 2007 Volkswagen Passat at the time of the accident alleged in the Complaint.  In addition, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore demands strict proof thereof at trial.

9.      Admitted in part, denied as stated.  This averment states a conclusion of law to which a responsive pleading is not required.  To the extent that such a pleading is required, Answering Defendant denies this averment.  By way of further answer, it is admitted Answering Defendant, Ebony Griggs, was operating her vehicle as an independent contractor using the Lyft app at or about the date and time identified in this averment.  Upon information and belief, Plaintiff was a passenger in Answering Defendant's vehicle.  In addition, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore demands strict proof thereof at trial.

10.      Denied as stated.  This averment states a conclusion of law to which a responsive pleading is not required.  To the extent that such a pleading is required, Answering Defendant denies this averment.  In addition, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore demands strict proof thereof at trial.

11.     Denied.  This averment states a conclusion of law to which a responsive pleading is not required.  To the extent that such a pleading is required, Answering Defendant denies this averment.  Upon information and belief, Plaintiff was a passenger in Answering Defendant's vehicle.  In addition, all allegations of negligence and / or carelessness on the part of Answering Defendant are specifically denied.  Further, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore demands strict proof thereof at trial.

## COUNT I
### Andrea Leelike v. Brandon Bardowsky, Aja Bardowsky and John Doe (1-2)

12.     Denied.  Answering Defendant hereby incorporates by reference their responses to paragraphs 1 through 11 above as if same were more fully set forth herein at length.

13-16.  Denied.  These paragraphs are not directed to Answering Defendant and therefore no answer is made.  These paragraphs state conclusions of law to which responsive pleading(s) are not required.  To the extent that such pleadings are required, Answering Defendant denies these paragraphs.  averment.  Further, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these paragraphs and therefore demands strict proof thereof at trial.

WHEREFORE, Answering Defendant respectfully request this Honorable Court grant judgment in her favor and dismiss Plaintiff's Complaint with prejudice together with all costs and fees this Court may deem appropriate.

## COUNT II
### Andrea Leelike v. Ebony Griggs, Lyft, Inc. and John Doe (3-4)

17.     Denied.  Answering Defendant hereby incorporates by reference their responses to paragraphs 1 through 16 above as if same were more fully set forth herein at length.

18.    (a) – (i)       Denied.  This averment and its subparagraphs state a conclusion of law to which a responsive pleading is not required.  To the extent that such a pleading is required, Answering Defendant denies this averment and its subparagraphs.  By way of further answer, Answering Defendant, Ebony Griggs was operating her vehicle as an independent contractor using the Lyft app at or about the date and time identified in this averment.  In addition, all allegations of negligence and / or carelessness are specifically denied.  Further, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and its subparagraphs and therefore demands strict proof thereof at trial.

19.    Denied.  This averment states a conclusion of law to which a responsive pleading is not required.  To the extent that such a pleading is required, Answering Defendant denies this averment.  In addition, all allegations of negligence and / or carelessness are specifically denied.  Further, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore demands strict proof thereof at trial.

20.    Denied.  This averment states a conclusion of law to which a responsive pleading is not required.  To the extent that such a pleading is required, Answering Defendant denies this averment.  In addition, all allegations of negligence and / or carelessness are specifically denied.  Further, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore demands strict proof thereof at trial.

21.    Denied.  This averment states a conclusion of law to which a responsive pleading is not required.  To the extent that such a pleading is required, Answering Defendant denies this averment.  In addition, after reasonable investigation, Answering Defendant is without knowledge

Case ID: 220700364

or information sufficient to form a belief as to the truth of this averment and therefore demands strict proof thereof at trial.

WHEREFORE, Answering Defendant respectfully request this Honorable Court grant judgment in her favor and dismiss Plaintiff's Complaint with prejudice together with all costs and fees this Court may deem appropriate.

## NEW MATTER

1.    Answering Defendant hereby incorporate by reference their responses to paragraphs 1 through 21 above as if same were more fully set forth herein at length.

2.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.    No omissions or conduct on the part of Answering Defendant contributed to Plaintiff's damages, if any.

4.    Plaintiff failed to mitigate her damages.

5.    The Plaintiff assumed the risk of any injuries and/or damages alleged.

6.    The damages complained of by Plaintiff pre-existed or are unrelated to the incident which is the subject matter of this Complaint.

7.    The negligence of Plaintiff either bars Plaintiff's right to recover completely or reduces Plaintiff's claims based upon the extent of Plaintiff's negligence under the Doctrine of Comparative Negligence.

8.    Plaintiff's alleged damages, if any, were the result of an unavoidable accident or sudden emergency.

9. Plaintiff's alleged damages, if any, were proximately caused in whole, or in part, by the bulk of third parties, including Plaintiff, for whom Answering Defendant is not legally responsible.

10. Plaintiff's claims are barred by the applicable statute of limitations.

11. Service of process was improper and/or insufficient.

12. The actions of a third party constitute superseding causes of the Plaintiff's injuries, if any.

13. It is further strictly denied that any act or omission on the part of Answering Defendant was the sole or proximate cause of Plaintiff's alleged damages or injuries.

14. The defect or defective condition complained of, with said allegations being specifically denied, was open and obvious and Plaintiff failed to take due note and observation of it for her own care and safety, and therefore, Answering Defendant owed no duty or care to the Plaintiff and Plaintiff's claims are barred.

15. All, or part of Plaintiff's claim for future healthcare and healthcare costs may be limited or barred by the Patient Protection and Affordable Care Act.

16. At all times material hereto, Answering Defendant, their agents, servants, workmen, representatives and/or employees, if any, acted with due care in the circumstances.

17. At no relevant time did Answering Defendant act negligently, grossly negligently, recklessly, carelessly or in willful disregard of the rights of the Plaintiffs or of any other person.

18. Plaintiff's claims for damages are excessive and unsupported and, therefore, must be barred or reduced.

19. Answering Defendant reserve the right to move for leave to amend this Answer to assert any and all defenses that may become available to it up to and including the time of trial.

20. At all times relevant herein, the Answering Defendant acted in accordance with the applicable state and federal laws alleged in the Complaint.

21. At all times relevant herein, the services rendered by the Answering Defendant were reasonable and within accepted trade practices and standards.

22. Answering Defendant had no notice. {Defendants had no notice of any defects, defective conditions and/or any alleged hazard that may have existed on or about the premises, and therefore, owed no duty to the Plaintiff}

23. Plaintiff's claims are subject to the "Fair Share" law, 42 Pa. C.S. §7102. In the event that recovery is allowed against the aforesaid Answering Defendant and liability is attributed to the aforesaid Answering Defendant, each Defendant will be liable for only that portion of the total dollar amount awarded as damages in the ratio of the amount of the Defendants' liability to the amount of liability attributed to all Defendants and other persons to whom liability is apportioned including those parties that may be joined as Additional Defendants.

24. Answering Defendant hereby incorporate and assert the Fair Share Act 42 Pa. C.S. §7102 and asserts that Answering Defendant' liability should at all times be several and not joint.

25. In as much as Pa.R.C.P. 1032 provides that if a party waives all defenses not presented by way of answer, Answering Defendant, upon advice of counsel, hereby asserts all of the affirmative defenses set forth in Pa.R.C.P. 1030(a).

26. Plaintiff's claims are barred or limited by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §§1701, et seq. including claims for non-economic damages.

27.    Plaintiff's recovery is or may be barred, limited or set-off by the amount of uninsured or underinsured motorist benefits, if any, which Plaintiffs have recovered or may be entitled to recover.

28.    Plaintiff's claims may be barred or reduced by first party automobile insurance benefits that were either paid or payable.

29.    Pursuant to 1030(a) of the Pennsylvania Rules of Civil Procedure, Answering Defendant also raises the affirmative defenses of accord and satisfaction, arbitration and award, consent, discharge and bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver.

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff Andrea Leelike, in all respects, with an award of attorney's fees and costs.

## ANSWERING DEFENDANT'S RULE 1031.1 CROSS CLAIMS AGAINST DEFENDANT, BRANDON BARDOWSKY AND AJA BARDOWSKY

1.    Answering Defendant incorporates herein at length as though set forth in full, all of the above answers, denials and averments set forth in its Answer with New Matter with Cross Claims.

2.    Answering Defendant denies that it is liable to any party in this lawsuit for any amount of money under any theory of law or facts.

3.    In the event that there is a judgment, verdict or award entered against Answering Defendant, then it is alleged that said judgment, award or verdict is the sole and exclusive result of the liability producing conduct of Defendants, Brandon Bardowsky and Aja Bardowsky and any other current or future defendants.

4.      In the event that an award, judgment or verdict is entered against Answering Defendant, then it is alleged that Defendants, Brandon Bardowsky and Aja Bardowsky and any other current or future defendants are jointly and severally liable for such award, judgment or verdict or directly liable to Plaintiff for any such award, judgment or verdict.

5.      In the event that a judgment, award or verdict is entered against Answering Defendant, then it is alleged that Defendants, Brandon Bardowsky and Aja Bardowsky and any other current or future defendants are liable to Answering Defendant for indemnity or contribution on all claims set forth in Plaintiff's Complaint.

WHEREFORE, Answering Defendant, Ebony Griggs, demands judgment in her favor and against all other parties along with attorney's fees, costs and interest.

Respectfully submitted,

**BBC LAW, LLP**

By:  _Andrew R. Benedict_

Andrew R. Benedict, Esquire
Nicholas J. Goldwyn, Esquire
*Attorneys for Defendant, Ebony Griggs*

Date:  September 12, 2022

Case ID: 220700364

## CERTIFICATE OF SERVICE

I, Andrew R. Benedict, Esquire, hereby certify that on this 12TH day of September 2022 a true and correct copy of the Answer of Defendant, Ebony Griggs to the Complaint of Plaintiff, Andrea Leelike with New Matter and Cross Claims was forwarded via electronic filing and/or electronic mail, to all counsel of record:

Respectfully submitted,

**BBC LAW, LLP**

By: _Andrew R. Benedict_

Andrew R. Benedict, Esquire
Nicholas J. Goldwyn, Esquire
*Attorneys for Defendant, Ebony Griggs*

DocuSign Envelope ID: 4FCB8162-5B1A-4B77-A857-228A13205C94

## VERIFICATION

The undersigned, Defendant in this matter who is represented by counsel, makes this verification. Counsel has been furnished with factual information upon which the Answer to the Complaint with New Matter and Cross Claims is based. To the extent that the foregoing is based on the factual information provided to counsel, I verify that the facts are true and correct to the best of my knowledge, information and belief. However, the language of the foregoing is that of counsel and, to the extent that the foregoing goes beyond the factual information provided to counsel, I have relied upon counsel in making this verification.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Date: 9/12/2022

DocuSigned by:

3938C5E15C7947A...

*Defendant, Ebony Griggs*

**SALTZ MONGELUZZI & BENDESKY P.C.**
BY: ROBERT N. BRAKER/MICHAEL A. PILEGGI
IDENTIFICATION NOS. 62583/320569
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
P: (215) 496-8282 / F: (215) 496-0999

Filed and Attested by the
Office of Judicial Records
13 SEP 2022 01:02 pm

Attorneys for Plaintiff MERCEDES

| | |
|---|---|
| **ANDREA LEELIKE**<br><br>    **v.**<br><br>**BRANDON BARDOWSKY,**<br>**AJA BARDOWSKY,**<br>**EBONY GRISS,**<br>**LYFT, INC., and**<br>**JOHN DOE (1-4)** | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL DIVISION<br><br>JULY TERM, 2022<br>NO. 00364 |

## ACCEPTANCE OF SERVICE

    I, DANIEL M. BROWN, ESQUIRE, do hereby accept service of the Civil Action

Complaint on behalf of Defendant, BRANDON BARDOWSKY, in connection with the

above-captioned matter.

 

 

_____
DANIEL M. BROWN, ESQUIRE
Attorney for Defendants,
Brandon Bardowsky and Aja Bardowsky

Date: 9/13/22

**SALTZ MONGELUZZI & BENDESKY P.C.**
BY: ROBERT N. BRAKER/MICHAEL A. PILEGGI
IDENTIFICATION NOS. 62583/320569
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
P: (215) 496-8282 / F: (215) 496-0999



Filed and Attested by the
Office of Judicial Records
27 SEP 2022 10:05 am
S. IMPERATO

Attorneys for Plaintiff

| | |
|---|---|
| **ANDREA LEELIKE**<br><br>    **v.**<br><br>**BRANDON BARDOWSKY,**<br>**AJA BARDOWSKY,**<br>**EBONY GRISS,**<br>**LYFT, INC., and**<br>**JOHN DOE (1-4)** | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL DIVISION<br><br>JULY TERM, 2022<br>NO. 00364 |

### PLAINTIFF'S REPLY TO NEW MATTER OF DEFENDANT, EBONY GRISS

1.  Denied.  This averment does not call for a response.

2.  Denied.  This averment is a conclusion of law to which no response is required.

3.  Denied.  This averment is a conclusion of law to which no response is required.

    By way of further answer, the conduct and/or omissions on the part of the

    Answering Defendant contributed to Plaintiff's damages.

4.  Denied.  This averment is a conclusion of law to which no response is required.

5.  Denied.  This averment is a conclusion of law to which no response is required.

6.  Denied.  This averment is a conclusion of law to which no response is required.

    By way of further answer, the damages complained of by Plaintiff are not pre-

    existing and are related to the incident which is the subject matter of this

    Complaint.

7.  Denied.  This averment is a conclusion of law to which no response is required.

8.  Denied.  This averment is a conclusion of law to which no response is required.

9.  Denied.  This averment is a conclusion of law to which no response is required.

10. Denied.  This averment is a conclusion of law to which no response is required.

11. Denied.  This averment is a conclusion of law to which no response is required.

12. Denied.  This averment is a conclusion of law to which no response is required.

13. Denied.  This averment is a conclusion of law to which no response is required.

14. Denied.  This averment is a conclusion of law to which no response is required.

15. Denied.  This averment is a conclusion of law to which no response is required.

16. Denied.  This averment is a conclusion of law to which no response is required.

17. Denied.  This averment is a conclusion of law to which no response is required.

18. Denied.  This averment is a conclusion of law to which no response is required.

19. Denied.  This averment does not call for a response.

20. Denied.  This averment is a conclusion of law to which no response is required.

21. Denied.  This averment is a conclusion of law to which no response is required.

22. Denied.  This averment is a conclusion of law to which no response is required.

    By way of further answer, this averment is not applicable to Plaintiff's Complaint.

    It's a motor vehicle accident.

23. Denied.  This averment is a conclusion of law to which no response is required.

24. Denied.  This averment is a conclusion of law to which no response is required.

25. Denied.  This averment does not call for a response.

26. Denied.  This averment is a conclusion of law to which no response is required.

27. Denied.  This averment is a conclusion of law to which no response is required.

28. Denied.  This averment is a conclusion of law to which no response is required.

29. Denied.  This averment is a conclusion of law to which no response is required.

WHEREFORE, Plaintiff respectfully requests this Honorable Court dismiss the New Matter of Defendant, Ebony Griss, with prejudice.

**SALTZ MONGELUZZI & BENDESKY P.C.**

BY:   /s/ *Michael A. Pileggi*
               ROBERT N. BRAKER, ESQUIRE
               MICHAEL A. PILEGGI, ESQUIRE

Date: 9/27/22

## <u>CERTIFICATE OF SERVICE</u>

I, Michael A. Pileggi, Esquire, hereby certify that true and correct copies of Plaintiffs' Reply to New Matter was served via electronic mail upon the following:

Andrew R. Benedict, Esquire
BBC Law, LLP
2005 Market Street, Suite 1940
Philadelphia, PA, 19103
abenedict@bbclawfirm.com
*Attorney for Defendant, Ebony Griss*

Daniel M. Brown, Esquire
William J. Ferren & Associates
PO Box 2903
Hartford, CT 06104-2903
DBrown9@travelers.com
*Attorney for Defendant, Brandon Bardowsky and Aja Bardowsky*

Allison L. Perry, Esquire
Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
aperry@dmclaw.com
*Attorney for Defendant, Lyft, Inc.*

**SALTZ MONGELUZZI & BENDESKY P.C.**

BY:    */s/ Michael A. Pileggi*
         ROBERT N. BRAKER, ESQUIRE
         MICHAEL A. PILEGGI, ESQUIRE

Date: 9/27/22

NOTICE TO PLEAD

TO:  PLAINTIFF and CO-DEFENDANTS
YOU ARE HEREBY NOTIFIED TO PLEAD TO
THE  ENCLOSED  ANSWER  and  NEW MATTER and
NEW MATTER CROSSCLAIM WITHIN TWENTY (20)
DAYS FROM THE SERVICE HEREOF.

Filed and Attested by the
Office of Judicial Records
07 SEP 2022 11:44 am
D. IMPERATO

//s// *Daniel M. Brown*

_____
**Daniel M. Brown, Esquire**

WILLIAM J. FERREN & ASSOCIATES
Daniel M. Brown
Atty ID # 59638
PO Box 2903
Hartford, CT 06104
215-274-1716
Dbrown9@travelers.com

Attorney for Defendants,
Brandon Bardowsky and
Aja Bardowsky

---

| | | |
|---|---|---|
| ANDREA LEELIKE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | JULY TERM, 2022 |
| BRANDON BARDOWSKY, | : | |
| AJA BARDOWSKY, | : | NO.  0364 |
| EBONY GRISS, | : | |
| LYFT, INC. and | : | |
| JOHN DOE (1-4) | : | |

### ANSWER, NEW MATTER AND NEW MATTER CROSSCLAIM PURSUANT TO Pa. R.C.P. 1031.1 OF DEFENDANTS, BRANDON BARDOWSKY and AJA BARDOWSKY

The defendants, Brandon Bardowsky and Aja Bardowsky, by and through their

counsel, hereby file the within answer, new matter and new matter crossclaim, and in

support hereof avers as follows:

1.      Denied.   After reasonable investigation, the answering defendants are

without knowledge or information sufficient to form a belief as to the truth of the

averments contained in paragraph 1, and strict proof thereof demanded at the time of

trial.

2.      Admitted in part; denied in part.  It is admitted that Brandon Bardowsky is an adult individual.  It is denied that he is a citizen of New Jersey who resides at 24 S. Summit Avenue in Pitman, New Jersey.  Rather, Brandon Bardowsky resides at 211 Green Lake Circle, Longwood, Florida 32779.

3.      Admitted.

4.      Denied.   After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4, and strict proof thereof demanded at the time of trial.

5.      Denied.   After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5, and strict proof thereof demanded at the time of trial.

6.      Denied.   After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6, and strict proof thereof demanded at the time of trial.

7.      Admitted in part; denied in part.  It is admitted that on August 14, 2020, the defendant, Brandon Bardowsky, owned and was driving a 2017 Chevrolet Silverado, bearing NJ license plate R68HZV, and which was involved in an accident in Philadelphia.  It is denied that on August 14, 2020, defendant, AJA Bardowsky, owned and/or was driving a 2017 Chevrolet Silverado, bearing NJ license plate R68HZV.  The remaining allegations contained in paragraph 7 of the plaintiff's complaint are denied as

Case ID: 220700364

they represent conclusions of law to which no response is required. To the extent that said allegations are not conclusions of law, they are denied for the reason that after reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and strict proof thereof demanded at the time of trial.

8.      Denied.   After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8, and strict proof thereof demanded at the time of trial.

9.      Denied.   The allegations contained in paragraph 9 of the plaintiff's complaint are denied as they represent conclusions of law to which no response is required. To the extent that said allegations are not conclusions of law, they are denied for the reason that after reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and strict proof thereof demanded at the time of trial.

10.     Denied.   The allegations contained in paragraph 10 of the plaintiff's complaint are denied as they represent conclusions of law to which no response is required. To the extent that said allegations are not conclusions of law, they are denied for the reason that after reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and strict proof thereof demanded at the time of trial.

11.　　Denied.  The allegations contained in paragraph 11 of the plaintiff's complaint are not directed to answering defendants and no response is required by answering defendants.

**COUNT I**
**Plaintiff v. Brandon Bardowsky, Aja Bardowsky and John Doe (1-2)**
**Negligence**

12.　　The answering defendants incorporate by reference their answers to paragraphs 1 through 11 of the plaintiff's complaint as if same were fully set forth at length herein.

13.　　Denied.  The allegations contained in paragraph 13 of the plaintiff's complaint are denied as they represent conclusions of law to which no response is required.  To the extent that said allegations are not conclusions of law, they are denied for the reason that after reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  Any and all factual averments are denied, and strict proof thereof demanded at the time of trial.

14.　　Denied.  The allegations contained in paragraph 14 of the plaintiff's complaint are denied as they represent conclusions of law to which no response is required.  To the extent that said allegations are not conclusions of law, they are denied for the reason that after reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  Any and all factual averments are denied, and strict proof thereof demanded at the time of trial.

Case ID: 220700364

15.     Denied.   The allegations contained in paragraph 15 of the plaintiff's complaint are denied as they represent conclusions of law to which no response is required.  To the extent that said allegations are not conclusions of law, they are denied for the reason that after reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  Any and all factual averments are denied, and strict proof thereof demanded at the time of trial.

16.     Denied.   The allegations contained in paragraph 16 of the plaintiff's complaint are denied as they represent conclusions of law to which no response is required.  To the extent that said allegations are not conclusions of law, they are denied for the reason that after reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  Any and all factual averments are denied, and strict proof thereof demanded at the time of trial.

WHEREFORE, the answering defendants demand judgment in their favor and against the plaintiff.

## COUNT II
### Plaintiff v. Ebony Griss, Lyft, Inc., and John Doe (3-4)
### Negligence

17.     The answering defendants incorporate by reference their answers to paragraphs 1 through 16 of the plaintiff's complaint as if same were fully set forth at length herein.

18-21. Denied.  The allegations contained in paragraphs 18 through 21 of the plaintiff's complaint are not directed to answering defendants and no response is required by answering defendants.

WHEREFORE, the answering defendants demand judgment in their favor and against the plaintiff.

## NEW MATTER

22.    Some or all of the damages claimed by the plaintiff are not recoverable under applicable law.

23.    If the plaintiff suffered damages as alleged, which averments are denied, then the sole and exclusive cause of any such alleged injuries or damages may have been the negligence and carelessness of others and not that of the answering defendants.

24.    The negligent acts and/or omissions of other individuals and/or entities may have constituted an intervening, superseding cause of the damages alleged to have been sustained by the plaintiff.

25.    The plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

26.    The plaintiff's claims may be barred in whole or in part by the applicable doctrines of res judicata and/or collateral estoppel.

27.    The plaintiff's claims may be barred in whole or in part by the applicable provisions of the Pennsylvania Financial Responsibility Law.

28.    The plaintiff's claims are barred or limited by the failure to mitigate damages.

Case ID: 220700364

29.     The plaintiff's claims are barred and/or limited based upon the defense of accord and satisfaction.

30.     The plaintiff's claims may be barred and/or limited based upon the signing of a release and the terms of that release.

31.     The answering defendants incorporate herein by reference as though fully set forth at length all limitations, bars, preclusions and conditions set forth and amendments to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq., which became effective on July 1, 1990.

32.     At the time of the accident, the plaintiff failed to maintain financial responsibility on an owned motor vehicle and thus the plaintiff's claims for non-economic damages are barred by the applicable provisions of the Pennsylvania Financial Responsibility Law.

33.     The plaintiff's complaint fails to state a claim upon which relief can be granted.

34.     The plaintiff's alleged injuries were pre-existing and not caused by the subject accident.

35.     The plaintiff selected limited tort on the insurance policy that insured her vehicle.

36.     The plaintiff is bound by limited tort.

37.     The answering defendants incorporate, as though fully set forth herein, the affirmative defenses delineated under Pennsylvania Rule of Civil Procedure 1030.

WHEREFORE, the answering defendants demand judgment in their favor and against the plaintiff.

### NEW MATTER CROSSCLAIM PURSUANT TO Pa. R.C.P. 1031.1 AGAINST CO-DEFENDANTS, EBONY GRISS, LYFT, INC., JOHN DOE (1-4)

38.    The incident referenced in plaintiff's complaint was caused solely by the negligence and/or carelessness of the co-defendants, Ebony Griss, Lyft, Inc., and John Doe (1-4), and was due in no manner whatsoever to any act or failure to act on the part of answering defendants.

39.    The co-defendants, Ebony Griss, Lyft, Inc., and John Doe (1-4), are alone and solely liable to plaintiff.

40.    If any liability is judicially determined against answering defendants, with all such liability being specifically denied, then it is averred that the co-defendants, Ebony Griss, Lyft, Inc., and John Doe (1-4), are liable over to answering defendants by way of indemnification or contribution and/or are jointly and severally liable with answering defendants.

WHEREFORE, answering defendants demand judgment against plaintiff and the co-defendants, and hereby crossclaims pursuant to Pa. R.C.P. 1031.1 together with an award of attorney's fees and costs incurred in defense of this matter.

WILLIAM J. FERREN & ASSOCIATES

//s// *Daniel M. Brown*

BY:_____
        Daniel M. Brown
        Attorney for defendants,
        Brandon Bardowsky and Aja Bardowsky

## VERIFICATION

I, Brandon Bardowsky, verify that the statements made in the foregoing answer,

new matter and new matter cross-claim are true and correct to the best of my

knowledge, information and belief.

I understand that false statements herein made are subject to the penalties of 18

Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

BY:_____
         Brandon Bardowsky

WILLIAM J. FERREN & ASSOCIATES
Daniel M. Brown
Atty ID # 59638
PO Box 2903
Hartford, CT 06104
215-274-1716
Dbrown9@travelers.com

Attorney for Defendants,
Brandon Bardowsky and
Aja Bardowsky

Filed and Attested by the
Office of Judicial Records
28 SEP 2022 11:16 am
G. IMPERATO

| | |
|---|---|
| ANDREA LEELIKE | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| v. | |
| | JULY TERM, 2022 |
| BRANDON BARDOWSKY, | |
| AJA BARDOWSKY, | NO.  0364 |
| EBONY GRISS, | |
| LYFT, INC. and | |
| JOHN DOE (1-4) | |

**REPLY OF DEFENDANTS, BRANDON BARDOWSKY and AJA BARDOWSKY, TO THE RULE 1031.1 CROSSCLAIM OF CO-DEFENDANT, EBONY GRIGGS, incorrectly identified as Ebony Griss**

The defendants, Brandon Bardowsky and Aja Bardowsky, by and through their counsel, hereby reply to the crossclaim of co-defendant, Ebony Griggs, and in support thereof avers as follows:

1.      The answering defendants incorporate by reference their answer, new matter and crossclaim to the plaintiff's complaint as if same were fully set forth at length herein.

2.      Denied.   The allegations contained in paragraph 2 of the co-defendant's crossclaim are denied as they represent conclusions of law to which no response is required.  Any and all factual averments are denied, and strict proof thereof demanded at the time of trial.

3.    Denied.   The allegations contained in paragraph 3 of the co-defendant's crossclaim are denied as they represent conclusions of law to which no response is required.  To the extent that said allegations are not conclusions of law, they are denied for the reason that after reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  Any and all factual averments are denied, and strict proof thereof demanded at the time of trial.

4.    Denied.   The allegations contained in paragraph 4 of the co-defendant's crossclaim are denied as they represent conclusions of law to which no response is required.  To the extent that said allegations are not conclusions of law, they are denied for the reason that after reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  Any and all factual averments are denied, and strict proof thereof demanded at the time of trial.

5.    Denied.   The allegations contained in paragraph 5 of the co-defendant's crossclaim are denied as they represent conclusions of law to which no response is required.  To the extent that said allegations are not conclusions of law, they are denied for the reason that after reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  Any and all factual averments are denied, and strict proof thereof demanded at the time of trial.

WHEREFORE, the answering defendants demand judgment in their favor and against the parties.

WILLIAM J. FERREN & ASSOCIATES

//s// *Daniel M. Brown*

BY:_____
        Daniel M. Brown
        Attorney for defendants,
        Brandon Bardowsky and Aja Bardowsky

Case ID: 220700364

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Allison L. Perry, Esquire
Identification No. 306568
Attorney(s) for Defendant, Lyft, Inc.



Filed and Attested by the
Office of Judicial Records
04 OCT 2022 12:30 pm
G. IMPERATO

---

| | | |
|---|---|---|
| ANDREA LEELIKE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | JULY TERM, 2022 |
| BRANDON BARDOWSKY,, | : | |
| AJA BARDOWSKY, EBONY GRISS, | : | |
| LYFT, INC., AND JOHN DOE 1-4 | : | NO.: 0364 |

---

### DEFENDANT LYFT, INC.'S REPLY TO DEFENDANTS BRANDON BARDOWSKY AND AJA BARDOWSKY'S NEW MATTER CROSS-CLAIM PURSUANT TO PA. R.C.P. 1031.1

Defendant Lyft, Inc. ("Lyft"), by and through its attorneys, Dickie, McCamey & Chilcote, P.C., hereby files the instant Reply to Defendants Brandon Bardowsky and Aja Bardowsky's New Matter Cross-Claim Pursuant to Pa. R.C.P. 1031.1, and in support thereof, avers as follows:

### NEW MATTER CROSSCLAIM PURSUANT TO PA. R.C.P. 1031.1 AGAINST CO-DEFENDANTS EBONY GRISS, LYFT, INC., AND JOHN DOE 1-4

38.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are specifically denied.

39.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are specifically denied.

40.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  However, to the extent a response may be deemed necessary, the same are specifically denied.

WHEREFORE, Defendant Lyft, Inc. demands judgment in its favor and against all parties, together with costs, fees, and any other such relief this Court deems just.

DICKIE, McCAMEY & CHILCOTE, P.C.

*Allison Perry*

_____
ALLISON L. PERRY, ESQUIRE
Attorney for Defendant Lyft, Inc.

Case ID: 220700364

**VERIFICATION**

ALLISON L. PERRY, ESQUIRE states that she is the attorney for Defendant; that she is acquainted with the facts set forth in the foregoing pleading; that the same are true and correct to the best of her knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

*Allison Perry*

_____

ALLISON L. PERRY, ESQUIRE

3

Case ID: 220700364

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2022, I electronically filed the attached pleading with the Prothonotary using the Philadelphia Court's Electronic Filing System which will send notification of such filing to all counsel involved in this matter. Upon receipt of the notification, if counsel is not a registered e-filer, a hard copy will be served via first class mail, postage pre-paid.

DICKIE, McCAMEY & CHILCOTE, P.C.

BY: *Allison Perry*
_____
ALLISON L. PERRY, ESQUIRE

4

Case ID: 220700364

FILED
12 OCT 2022 08:16 am
Civil Administration
B. LAWLOR

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

| | | |
|---|---|---|
| ANDREA LEELIKE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | JULY TERM, 2022 |
| BRANDON BARDOWSKY, | : | |
| AJA BARDOWSKY, | : | NO.  0364 |
| EBONY GRISS, | : | |
| LYFT, INC. and | : | |
| JOHN DOE (1-4) | : | |

## CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing Party: Defendants, Brandon Bardowsky        By: Daniel M. Brown
                Aja Bardowksy

Counsel's address and telephone number (**IMPORTANT**)

       WILLIAM J. FERREN & ASSOCIATES
       10 Sentry Parkway, Suite 301
       Blue Bell, PA  19422
       (215) 274-1716

## PART A     *(To be completed in Personal Injury cases)*

1.     Date of accident or occurrence:        8/14/2020

      1(a).     Age of Plaintiff:

2.     Most serious injuries sustained:       Unknown

3.     Is there any permanent injury claimed:      Unknown       Yes      No

      If yes, indicate the type of permanent injury: Unknown

4.     Dates of medical treatment:        Unknown

5.     Is medical treatment continuing?     Yes         No

6.     Has there been an inpatient hospitalization?     Yes      No

***This form shall be presented to the Case Manager and copies served upon all parties at the Case Management Conference by counsel prepared to discuss its contents.***

7. Has there been any surgery?      ____ Yes      ____No

   If yes, indicate the type of surgery:  see plaintiff's memo

8. Approximate medical bills to date:  Unknown

   Approximate medical bills recoverable in this case:  Unknown

9. Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?  ___Yes___No

   If Yes, what type and approximate amount?

10. Time lost from work:  Unknown

11. Approximate past lost wages         Unknown

12. Is there a claim for future lost earning capacity?         _____Yes      ____No

    If yes, approximate future lost earning capacity:

13. Are there any related cases or claims pending?         ___Yes         ___No

    If so, list caption(s) or other appropriate identified:

14. Do you anticipate joining additional parties?         _____Yes      _X_ No

15. Plaintiff's factual position as to liability:                 see plaintiff's memo

16. Defense factual position as to liability:  This case involves a motor vehicle accident that occurred at the intersection at 16th and Markets Streets in Philadelphia.  Liability is disputed at this time.

17. Defense position as to causation of injuries alleged:  The nature and extent of the alleged injuries are not known at this time.

18. Identify all applicable insurance coverage:

    | **Defendants** | **Insurance Carrier** | **Coverage Limits** |
    |---|---|---|
    | Brandon & Aja Bardowsky | St. Paul Protective Ins. Co. | $100,000.00 |

    Are there issues as to the applicability of the
    above insurance coverage:         ____ Yes      _X_ No

19. Demand:$  Unknown            Offer:$   None

Case 2:23-cv-04086-JMY Document 1 Filed 10/25/22 Page 70 of 85

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

|  |  |  |
|---|---|---|
| Andrea Leelike | : | |
| | : | JULY _____ TERM 20 22 |
| Plaintiff | : | |
| | : | |
| v. | : | No.: 00364 |
| Brandon Bardowsky, et al. | : | |
| | : | |
| | : | CASE MANAGEMENT |
| Defendant | : | CONFERENCE MEMORANDUM |
| | : | |

**DISCLAIMER:**

**THIS DOCUMENT IS SOLELY USED FOR CASE MANAGEMENT PURPOSES
AND SHALL NOT BE USED FOR ANY OTHER PURPOSE.**

Date and Time of the Case Management Conference: On or after 10/19/22

Filing Party: Plaintiff, Andrea Leelike

Attorney of Record: Michael A. Pileggi, Esquire          BAR ID: 320569

Address of Attorney: 1650 Market Street, 52nd Floor, Philadelphia, PA 19103

Email and Telephone for Filing Attorney: Mpileggi@smbb.com   215-575-3880

✓ Personal Injury          Complete Section I
   All other case types      Complete Section II

## SECTION I – PERSONAL INJURY

**FOR ALL PARTIES:**

1. Alleged date and location of alleged accident or occurrence: 8/14/20 at approximately 12:30 a.m.

2. Are there any related cases or claims pending, if known?  Yes:  No: ✔

   If so, list caption(s) and docket number(s) or other appropriate identifier(s):

3. Do you anticipate joining additional parties at this time?  Yes:  No: ✔

   Comment: N/A

4. Current Demand: $100,000  Current Offer: Zero
   **Note: The demand cannot be "unknown" or "to be determined;" it must be expressed in a monetary value.**

5. On behalf of the responding party, are you interested in court - supervised early mediation?  YES NO

**FOR THE PLAINTIFF:**
**Note: Responses such as "to be determined" or "unknown" are disfavored and strongly discouraged.**

6. Age of Plaintiff on date of alleged accident or occurrence: 25 years old

7. Set forth a summary of facts giving rise to cause(s) of action:

   Plaintiff was a passenger in a Lyft vehicle when the vehicle operated by Bardowsky sped through a steady red light and t-boned the Lyft vehicle causing significant injuries to Plaintiff.

8. Identify most serious injuries sustained:

   Disc bulges at C4-5, C5-6 and C6-7; sprain/strain of the left shoulder, and sprain/strain of the lumbar spine.

9. Is there any permanent injury claimed?  YES: ✔  NO:

   If yes, indicate the type of permanent injury: Disc bulges at C4-5, C5-6 and C6-7

10. Please identify each medical treatment facility or medical provider by name, address, and  dates of medical treatment: See medical sheet attached.

11. Is medical treatment continuing?  YES: ✔  NO:

    If "yes", please identify at which facility or provider:  Recently re-entered treatment in Texas, records not recieved to date

12. Has there been an inpatient hospitalization?  YES:  NO: ✔

13. Has there been any surgery, injection or diagnostic testing performed? YES: ✔ NO:

   If yes, indicate the type of surgery, injection or diagnostic test performed: MRI of cervical spine

14. Approximate medical bills to date: $4,000

15. Approximate medical bills recoverable in this case: Less than $2,000

16. In Automobile cases, has PIP been exhausted? If available, please provide a PIP Log to all counsel prior to the Conference. See attached payout sheet

17. In Automobile cases, please identify Plaintiff's tort status. Please also provide the executed tort waiver in effect as of date of loss and the Declaration Page to all counsel prior to the Conference. If there is an issue with Plaintiff's tort status, please explain. Full tort

18. Are there any existing liens (Workers' Compensation, DPW, Medical, etc.?) YES: NO: ✔

   If yes, what type and approximate amount? N/A

19. Was Plaintiff employed at the time of the accident or occurrence? YES ✔ NO:
   If yes, identify Plaintiff's occupation: Law student

20. Is there a claim for past lost wages? YES: NO: ✔

   If yes, approximate past lost wages: N/A

21. Is there a claim for future lost earning capacity? YES: NO: ✔

   If yes, approximate future lost earning capacity: N/A

22. Other than the parties, identify by name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Counsel should demonstrate reasonable effort in identifying witnesses.

   Individual 1 - Name, address and telephone number or person and subject of discoverable information:

   Individual 2 - Name, address and telephone number of person and subject of discoverable information:

**FOR THE DEFENDANT:**

23. If an answer has been filed, set forth a summary of the applicable defense(s) or any counterclaim, if known:

24. At this time, does the Defense contest:

    a.    liability    YES:    NO:    UNKNOWN:

    b.    causation    YES:    NO:    UNKNOWN:

    c.    economic damages    YES:    NO:    UNKNOWN:

    d.    non-economic damages    YES:    NO:    UNKNOWN:

26. Identify all known insurance coverage, including excess coverage, under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

*Defendant*        *Insurance Carrier*        *Coverage Limits*

Defendant 1:

Defendant 2:

**Please provide the Declaration(s) Page, if available, to all counsel prior to the Conference.**

27. At this time, are you aware of issues as to the applicability of the above insurance coverage?

YES    NO    N/A

If you stated "YES" or "N/A", please explain:

28. Other than the parties, identify by name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Counsel should demonstrate reasonable effort in identifying witnesses.

Individual 1 - Name, address and telephone number of person and subject of discoverable information:

Individual 2 - Name, address and telephone number of person and subject of discoverable information:

**SUMMARY OF DAMAGES**

**ANDREA LEELIKE**

I.   **DATE OF ACCIDENT:**   **AUGUST 14, 2020**

II.  **MEDICAL HISTORY:**

A.   THOMAS JEFFERSON UNIVERSITY HOSPITAL
     Date of Service: 8/14/20

B.   NICOLE OTTO, M.D.
     Dates of Service: 12/26/20 – 5/8/21

C.   EXCEL PHYSICAL THERAPY
     Dates of Service: 12/29/20 – 2/25/21

D.   PENN MEDICINE
     MRI of Cervical Spine
     Date of Service: 5/05/21

# Medical Payments Details

**Named Insured:** D 3 Lyft Inc Period 2 An
**Injured Party:** Andrea Leelike
**Claim Number:** 20-1048471
**Date Of Loss:** 08-14-20
**Total Billed:** $4,035.00
**Total Paid:** $2,168.35

| Provider | Exposure | Service Dates | Amount Billed | Amount To Be Paid | Service Type | Date Received | Lien | Invoice Number | Payment Status |
|----------|----------|---------------|---------------|-------------------|--------------|---------------|------|----------------|----------------|
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 02-25-21 / 02-25-21 | $283.00 | $165.94 | | 03-08-21 | | 81589526 | 03-25-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 01-29-21 / 01-29-21 | $283.00 | $165.94 | | 03-10-21 | | 81470526 | 03-23-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 01-26-21 / 01-26-21 | $212.00 | $111.20 | | 03-04-21 | | 81418312 | 03-21-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 02-05-21 / 02-05-21 | $212.00 | $111.20 | | 03-01-21 | | 81226266 | 03-15-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 02-18-21 / 02-18-21 | $212.00 | $111.20 | | 03-01-21 | | 80916335 | 03-05-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 02-22-21 / 02-22-21 | $212.00 | $111.20 | | 03-01-21 | | 80916328 | 03-05-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 02-02-21 / 02-02-21 | $212.00 | $111.20 | | 03-01-21 | | 80916327 | 03-05-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 02-15-21 / 02-15-21 | $212.00 | $111.20 | | 02-26-21 | | 80916285 | 03-05-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 02-13-21 / 02-13-21 | $212.00 | $111.20 | | 02-26-21 | | 80916279 | 03-05-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 02-10-21 / 02-10-21 | $212.00 | $111.20 | | 02-26-21 | | 80916273 | 03-05-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 01-20-21 / 01-20-21 | $212.00 | $111.20 | | 02-01-21 | | 80624483 | 02-25-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 01-12-21 / 01-12-21 | $212.00 | $111.20 | | 01-26-21 | | 80624453 | 02-25-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |
| | TNC PIP 3 | 01-18-21 / 01-18-21 | $212.00 | $111.20 | | 01-26-21 | | 80624450 | 02-25-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | | |

Medical Payments / PIP - Print Preview                                    Page 2 of 2

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | TNC PIP 3 | 01-14-21 / 01-14-21 | $212.00 | $111.20 | | 01-26-21 | 80624447 | 02-25-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | |
| | TNC PIP 3 | 01-06-21 / 01-06-21 | $212.00 | $111.20 | | 01-18-21 | 80624445 | 02-25-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | |
| | TNC PIP 3 | 12-29-20 / 12-29-20 | $289.00 | $168.47 | | 01-09-21 | 80624443 | 02-25-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | |
| | TNC PIP 3 | 01-02-21 / 01-02-21 | $212.00 | $111.20 | | 01-11-21 | 80624439 | 02-25-21 |
| **EXCEL PHYSICAL THERAPY** | | | | | | | | |
| | TNC PIP 3 | 01-04-21 / 01-04-21 | $212.00 | $111.20 | | 01-11-21 | 80624441 | 02-25-21 |

**SALTZ MONGELUZZI & BENDESKY P.C.**
BY: ROBERT N. BRAKER/MICHAEL A. PILEGGI
IDENTIFICATION NOS. 62583/320569
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
P: (215) 496-8282 / F: (215) 496-0999



Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
13 OCT 2022 03:42 pm
M. MERCEDES

|  |  |
|---|---|
| **ANDREA LEELIKE**<br><br>v.<br><br>**BRANDON BARDOWSKY,**<br>**AJA BARDOWSKY,**<br>**EBONY GRISS,**<br>**LYFT, INC., and**<br>**JOHN DOE (1-4)** | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL DIVISION<br><br><br>JULY TERM, 2022<br>NO. 00364 |

## PLAINTIFF'S REPLY TO NEW MATTER OF
## DEFENDANTS, BRANDON BARDOWSKY AND AJA BARDOWSKY

22. Denied. This averment is a conclusion of law to which no response is required.

23. Denied. This averment is a conclusion of law to which no response is required.

24. Denied. This averment is a conclusion of law to which no response is required.

25. Denied. This averment is a conclusion of law to which no response is required.

26. Denied. This averment is a conclusion of law to which no response is required.

27. Denied. This averment is a conclusion of law to which no response is required.

28. Denied. This averment is a conclusion of law to which no response is required.

29. Denied. This averment is a conclusion of law to which no response is required.

30. Denied. This averment is a conclusion of law to which no response is required.

31. Denied. This averment is a conclusion of law to which no response is required.

32. Denied. This averment is a conclusion of law to which no response is required.

By way of further answer, Plaintiff complied with all provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

33. Denied. This averment is a conclusion of law to which no response is required.

34. Denied. This averment is a conclusion of law to which no response is required.

By way of further answer, Plaintiff's injuries were caused by the subject accident.

35. Denied. This averment is a conclusion of law to which no response is required.

Plaintiff was at all times entitled to full tort treatment under Pennsylvania Law.

36. Denied. This averment is a conclusion of law to which no response is required.

37. Denied. This averment does not call for a response.

WHEREFORE, Plaintiff respectfully requests this Honorable Court dismiss the New Matter of Defendants, Brandon Bardowsky and Aja Bardowsky, with prejudice.

**SALTZ MONGELUZZI & BENDESKY P.C.**

BY:   */s/ Michael A. Pileggi*
      ROBERT N. BRAKER, ESQUIRE
      MICHAEL A. PILEGGI, ESQUIRE

## **CERTIFICATE OF SERVICE**

I, Michael A. Pileggi, Esquire, hereby certify that true and correct copies of Plaintiff's Reply to New Matter was served via electronic mail upon the following:

Andrew R. Benedict, Esquire
BBC Law, LLP
2005 Market Street, Suite 1940
Philadelphia, PA, 19103
abenedict@bbclawfirm.com
*Attorney for Defendant, Ebony Griss*

Daniel M. Brown, Esquire
William J. Ferren & Associates
PO Box 2903
Hartford, CT 06104-2903
DBrown9@travelers.com
*Attorney for Defendant, Brandon Bardowsky and Aja Bardowsky*

Allison L. Perry, Esquire
Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
aperry@dmclaw.com
*Attorney for Defendant, Lyft, Inc.*

                **SALTZ MONGELUZZI & BENDESKY P.C.**


        BY:    /s/ *Michael A. Pileggi*
               ROBERT N. BRAKER, ESQUIRE
               MICHAEL A. PILEGGI, ESQUIRE

Date: 10/13/22

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| Andrea Leelike | : | : | July _____ TERM | 20 22 |  |
|  | Plaintiff | : |  |  |  |
|  |  | : |  |  |  |
| v. |  | : | No.: 364 _____ |  |  |
| Brandon Bardowsky, et al. |  | : |  |  |  |
|  |  | : |  |  |  |
|  | Defendant | : | CASE MANAGEMENT |  |  |
|  |  | : | CONFERENCE MEMORANDUM |  |  |
|  |  | : |  |  |  |

DISCLAIMER:

**THIS DOCUMENT IS SOLELY USED FOR CASE MANAGEMENT PURPOSES
AND SHALL NOT BE USED FOR ANY OTHER PURPOSE.**

Date and Time of the Case Management Conference: N/A

Filing Party: Lyft, Inc.

Attorney of Record: Allison Perry                BAR ID: 306568

Address of Attorney: 1650 Arch Street, Suite 2110, Philadelphia, PA 19103

Email and Telephone for Filing Attorney: aperry@dmclaw.com; (215) 925-2289

Personal Injury          Complete Section I
All other case types     Complete Section II

**FOR ALL PARTIES**:

1. Alleged date and location of alleged accident or occurrence: <span style="color:red">8/14/20 at or near the intersection of 16th and Market Streets, Philadelphia</span>

2. Are there any related cases or claims pending, if known?       Yes:       No: ✔

   If so, list caption(s) and docket number(s) or other appropriate identifier(s):

3. Do you anticipate joining additional parties at this time?       Yes:       No: ✔

   Comment:

4. Current Demand: <span style="color:red">Unknown</span>       Current Offer: <span style="color:red">None</span>
**Note: The demand cannot be "unknown" or "to be determined;" it must be expressed in a monetary value.**

5. On behalf of the responding party, are you interested in court - supervised early mediation?  YES  NO
                                                                                                      ✔

**FOR THE PLAINTIFF:**
**Note: Responses such as "to be determined" or "unknown" are disfavored and strongly discouraged.**

6. Age of Plaintiff on date of alleged accident or occurrence:

7. Set forth a summary of facts giving rise to cause(s) of action:

8. Identify most serious injuries sustained:

9. Is there any permanent injury claimed?   YES:       NO:

   If yes, indicate the type of permanent injury:

10. Please identify each medical treatment facility or medical provider by name, address, and       dates of medical treatment:

11. Is medical treatment continuing?       YES:       NO:

   If "yes", please identify at which facility or provider:

12. Has there been an inpatient hospitalization?       YES:       NO:

13.    Has there been any surgery, injection or diagnostic testing performed?   YES:        NO:

       If yes, indicate the type of surgery, injection or diagnostic test performed:

14.    Approximate medical bills to date:

15.    Approximate medical bills recoverable in this case:

16.    In Automobile cases, has PIP been exhausted?    If available, please provide a PIP Log to all counsel prior to the Conference.

17.    In Automobile cases, please identify Plaintiff's tort status.  Please also provide the executed tort waiver in effect as of date of loss and the Declaration Page to all counsel prior to the Conference. If there is an issue with Plaintiff's tort status, please explain.

18.    Are there any existing liens (Workers' Compensation, DPW, Medical, etc.?)        YES:        NO:

       If yes, what type and approximate amount?

19.    Was Plaintiff employed at the time of the accident or occurrence?   YES        NO:
       If yes, identify Plaintiff's occupation:

20.    Is there a claim for past lost wages?        YES:        NO:

       If yes, approximate past lost wages:

21.    Is there a claim for future lost earning capacity?        YES:        NO:

       If yes, approximate future lost earning capacity:

22.    Other than the parties, identify by name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Counsel should demonstrate reasonable effort in identifying witnesses.

       Individual 1 - Name, address and telephone number or person and subject of discoverable information:

       Individual 2 - Name, address and telephone number of person and subject of discoverable information:

**FOR THE DEFENDANT:**

23.    If an answer has been filed, set forth a summary of the applicable defense(s) or any counterclaim, if known: Bardowsky ran a red light and struck Griss's vehicle.  Therefore, neither Griss nor Lyft bear any liability in this matter.  Further, this matter is subject to binding arbitration pursuant to Lyft's TOS, to which Plaintiff consented.

24. At this time, does the Defense contest:

    a.     liability        YES: ✔  NO:     UNKNOWN:

    b.     causation    YES: ✔  NO:     UNKNOWN:

    c.     economic damages    YES: ✔ NO:    UNKNOWN:

    d.     non-economic damages  YES: ✔ NO:    UNKNOWN:

26. Identify all known insurance coverage, including excess coverage, under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
| Defendant 1: Lyft, Inc. | United Financial Cas. Co. | $1 million |
| Defendant 2: | | |

**Please provide the Declaration(s) Page, if available, to all counsel prior to the Conference.**

27. At this time, are you aware of issues as to the applicability of the above insurance coverage?

    YES   NO    N/A
           ✔

If you stated "YES" or "N/A", please explain:

28. Other than the parties, identify by name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Counsel should demonstrate reasonable effort in identifying witnesses.

        Lyft is not aware of any other witnesses

Individual 1 - Name, address and telephone number of person and subject of discoverable information:

Individual 2 - Name, address and telephone number of person and subject of discoverable information:



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

|  |  |
|---|---|
| *LEELIKE*<br>*VS*<br>*BARDOWSKY ETAL* | *July Term 2022*<br>*No. 00364* |

*CASE MANAGEMENT ORDER*
*STANDARD TRACK*

**DOCKETED**
**TRIAL DIVISION - CIVIL**
19-OCT-2022
**B. LAWLOR**

AND NOW, **Wednesday, October 19, 2022,** it is Ordered that:

1.　The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order.

2.　All **discovery** on the above matter shall be completed not later than **02-OCT-2023.**

3.　**Plaintiff** shall identify and submit **curriculum vitae and expert reports** of all expert witnesses intended to testify at trial to all other parties not later than **02-OCT-2023.**

4.　**Defendant and any additional defendants** shall identify and submit **curriculum vitae and expert reports** of all expert witnesses intended to testify at trial not later than **06-NOV-2023.**

5.　All **pre-trial motions** shall be filed not later than **06-NOV-2023.**

6.　A **settlement conference** may be scheduled at any time after **06-NOV-2023.**  Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

　　(a).　　A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

　　(b).　　A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

　　(c).　　Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7.　A **pre-trial conference** will be scheduled any time after **02-JAN-2024.**  Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

      (a).      A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

      (b).      A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;

      (c).      A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;

      (d).      Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

      (e).      Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

      (f).      Each counsel shall provide an estimate of the anticipated length of trial.

8.      ***It is expected that the case will be ready for trial 05-FEB-2024,*** and counsel should anticipate trial to begin expeditiously thereafter.

9.      All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

*BY THE COURT:*

_____

*DANIEL ANDERS,   J.*
*TEAM LEADER*

BPL97677(REV 11/04)